**E-FILED**
Friday, 01 November, 2013  01:01:25 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **FREDERICK J. HOOD,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 13-2055** |
| **R.R. DONNELLEY & SONS,** | |
| **Defendant.** | |

**REPORT AND RECOMMENDATION**

In February 2013, Plaintiff filed a *pro se* complaint with this Court, alleging that Defendant, his former employer, discriminated against him on the basis of race in violation of Title VII and 42 U.S.C. § 1981.  In May 2013, the parties conferred and agreed to a proposed scheduling order, which included an initial disclosure deadline of June 19, 2013.  The Court accepted these deadlines and entered a scheduling order following a telephonic scheduling conference on June 5, 2013.

On July 29, 2013, Defendant filed a Motion to Compel (#17) requesting that the Court order Plaintiff to serve his initial disclosures and respond to Defendant's discovery requests, including Defendant's interrogatories and document requests.  Plaintiff did not file a response to Defendant's motion.  On September 6, 2013, the Court granted Defendant's Motion to Compel and ordered Plaintiff to serve his initial disclosures and respond to Defendant's discovery requests by September 23, 2013.

On September 24, 2013, Defendant filed a Motion to Dismiss (#19) seeking dismissal of Plaintiff's complaint under Federal Rule of Civil Procedure 37(b)(2)(A)(v), 37(d)(3), or 41(b), as a sanction for failure to serve his initial disclosures or respond to Defendant's discovery requests. Plaintiff filed a response (#21), in which he asked the Court to set a hearing and recruit counsel for him.  The Court denied Plaintiff's request for counsel because Plaintiff did not indicate whether he had attempted to secure counsel on his own before asking the Court for assistance.

However, on October 17, 2013, the Court entered an order setting a telephonic hearing for October 29, 2013, at 11:30 a.m.  In its order, the Court notified Plaintiff that it would call him at the number he had previously provided but asked Plaintiff to notify the Clerk's Office if he preferred that the Court use an alternate number.  That same day, the Court mailed a copy of its order setting the hearing to Plaintiff.

On October 29, 2013, at approximately 11:30 a.m., the Court called Plaintiff three times. He did not answer.  Defendant's counsel answered, and the Court held a short status conference and explained that it would file a Report and Recommendation on Defendant's Motion to Dismiss.  Several hours later, Plaintiff called the Clerk's Office and stated that he had worked until the early hours of the morning and did not hear the Court's call.  He also stated that he was confused about the date of the hearing.

The Court recommends dismissal under Federal Rule of Civil Procedure 37(d)(3) for Plaintiff's failure to serve his answers to Defendant's interrogatories and 37(b)(2)(A)(v) for ignoring the Court's order that Plaintiff serve his initial disclosures and respond to Defendant's written discovery requests.  To justify dismissal under Rule 37 as a sanction for discovery violations, the Court must find that Plaintiff's discovery violations "displayed willfulness, bad faith, or fault" and that dismissal is a proportionate sanction for the violations.  *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009).  "Fault," in the context of discovery violations, refers to "objectively unreasonable behavior."  *Long v. Steepro*, 213 F.3d 983, 987 (7th Cir. 2000). Plaintiff's behavior here was objectively unreasonable.  Plaintiff did not abide by the discovery deadlines to which he agreed, even when the Court ordered him to do so and gave him additional time to comply.  Plaintiff's continued failure to engage in discovery, even in the face of a Court order, also makes dismissal a proportionate sanction.

Alternatively, the Court recommends dismissal under Rule 41(b) for failure to prosecute. Dismissal under Rule 41(b) "should be used only in extreme situations, when there is a clear record of delay or contumacious conduct."  *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011).  There is a clear record of delay in this case.  Plaintiff has not complied with discovery deadlines over the last several months, and he failed to make himself available for the

October 29, 2013, hearing that he requested.  It is not the responsibility of the Court or defense counsel to chase Plaintiff down to secure his compliance with discovery or his appearance at a hearing in federal court.  The Court does not consider Plaintiff's phone call, placed several hours after the October 29, 2013, hearing, to be an indication of Plaintiff's willingness to litigate his own case.  Rather, Plaintiff's various reasons for why he missed the hearing are consistent with Plaintiff's overall failure to take his own case—and the Court's time—seriously.  It is *Plaintiff's* responsibility to prosecute his case by engaging in discovery and complying with court orders, and the Court recommends dismissal as a sanction for his failure to do so.

Therefore, the Court recommends that Defendant's Motion to Dismiss **(#19)** be **GRANTED** and that Plaintiff's case be dismissed with prejudice.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within fourteen (14) days after being served with a copy of the Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21 Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 1st day of November, 2013.

              s/DAVID G. BERNTHAL
UNITED STATES MAGISTRATE JUDGE