UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| FREDERICK J. HOOD, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 13-CV-2055 |
| R.R. DONNELLEY & SONS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On November 1, 2013, Magistrate Judge David G. Bernthal filed a Report and Recommendation (#24) in the above cause. Judge Bernthal recommended granting the Motions to Dismiss (#19) filed by Defendant R.R. Donnelley & Sons. Judge Bernthal carefully set out the history of the case and concluded that Plaintiff's Complaint should be dismissed, with prejudice, for two reasons. Judge Bernthal stated:

> The Court recommends dismissal under Federal Rule of Civil Procedure 37(d)(3) for Plaintiff's failure to serve his answers to Defendant's Interrogatories and 37(b)(2)(A)(v) for ignoring the Court's order that Plaintiff serve his initial disclosures and respond to Defendant's written discovery requests. To justify dismissal under Rule 37 as a sanction for discovery violations, the Court must find that Plaintiff's discovery violations "displayed willfulness, bad faith, or fault" and that dismissal is a proportionate sanction for the violations. *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009). "Fault," in the context of discovery violations, refers to "objectively

unreasonable behavior." *Long v. Steepro*, 213 F.3d 983, 987 (7th Cir. 2000). Plaintiff's behavior here was objectively unreasonable. Plaintiff did not abide by the discovery deadlines to which he agreed, even when the Court ordered him to do so and gave him additional time to comply. Plaintiff's continued failure to engage in discovery, even in the face of a Court order, also makes dismissal a proportionate sanction.

Judge Bernthal also stated:

> Alternatively, the Court recommends dismissal under Rule 41(b) for failure to prosecute. Dismissal under Rule 41(b) "should be used only in extreme situations, when there is a clear record of delay or contumacious conduct." *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 5575, 561 (7th Cir. 2011). There is a clear record of delay in this case. Plaintiff has not complied with discovery deadlines over the last several months, and he failed to make himself available for the October 29, 2013, hearing that he requested. It is not the responsibility of the Court or defense counsel to chase Plaintiff down to secure his compliance with discovery or his appearance at a hearing in federal court. The Court does not consider Plaintiff's phone call, placed several hours after the October 29, 2013, hearing, to be an indication of Plaintiff's willingness to litigate his own case. Rather, Plaintiff's various reasons for why he missed the hearing are

consistent with Plaintiff's overall failure to take his own case—and the Court's time—seriously. It is *Plaintiff's* responsibility to prosecute his case by engaging in discovery and complying with court orders, and the Court recommends dismissal as a sanction for his failure to do so.

On November 13, 2013, a letter addressed to Judge Bernthal was received by the court. The letter has been construed as an Objection to the Report and Recommendation (#25). In the letter, Plaintiff asked that his case not be dismissed and apologized for missing the scheduled hearing. Plaintiff again explained his reasons for missing the hearing. Plaintiff stated that, for various reasons, "it slip[ped] my mind."

This court has carefully reviewed Judge Bernthal's thorough and well-reasoned recommendation and Plaintiff's pro se Objection. Following this court's careful de novo review, this court agrees with Judge Bernthal's recommendation that Defendant's Motion to Dismiss (#19) should be granted. This court notes that, in his Objection, Plaintiff has provided no explanation for his failure to comply with discovery deadlines and Judge Bernthal's order that he serve his initial disclosures and respond to Defendant's discovery requests by September 23, 2013. This court agrees with Judge Bernthal that dismissal is warranted in this case because of Plaintiff's continued failure to engage in discovery, even in the face of a Court order, and because of Plaintiff's overall failure to take his own case—and the Court's time—seriously.

IT IS THEREFORE ORDERED THAT:

(1) The Report and Recommendation (#24) is accepted by this court.

(2) Defendant's Motion to Dismiss (#19) is GRANTED.  Plaintiff's pro se Complaint (#1) is dismissed with prejudice.

(3) This case is terminated.

ENTERED this 12th day of December, 2013.


s/COLIN S. BRUCE
U.S. DISTRICT JUDGE